IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SERENA K. EDMONDS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION 08-00553-B |
| | * | |
| MICHAEL J. ASTRUE, | * | |
| Commissioner of | * | |
| Social Security, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Plaintiff Serena K. Edmonds ("Plaintiff") brings this action seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq., and 1381 et seq. On September 9, 2009, the parties consented to have the undersigned conduct any and all proceedings in this case. (Doc. 15). Thus, this case was referred to the undersigned to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636( c) and Fed.R.Civ.P. 73. (Doc. 16). Oral arguments were held on September 16, 2009. Upon careful consideration of the administrative record, the oral arguments, and the memoranda of the parties, the decision of the Commissioner is hereby **REVERSED** and **REMANDED**.

**I.   Procedural History**

Plaintiff protectively filed applications for disability insurance benefits and supplemental security income on August 3, 2004.  Plaintiff alleges that she has been disabled since March 15, 2003, due to a learning disability, illiteracy, obesity, swelling in her left foot and tingling in her right arm and leg[1].  (Tr. 51-52, 99, 100-102, 336, 337-345).  Plaintiff's applications were denied at the initial level, and she filed a timely Request for Hearing before an Administrative Law Judge.  (Tr. 51-52, 71, 341-345).

On June 27, 2006, Administrative Law Judge Warren Hammond ("ALJ Hammond") held an administrative hearing which was attended by Plaintiff, her representative, a medical expert and a vocational expert ("VE").  (Tr. 369-388).  On August 21, 2006, ALJ Hammond issued an unfavorable decision finding that Plaintiff is not disabled.  (Tr. 53-61).  Plaintiff requested review of the ALJ's decision, and on December 20, 2006, the Appeals Council ("AC") remanded the case to the ALJ for further development regarding Plaintiff's mental impairment and her subjective complaints, and

---

[1]Plaintiff filed a prior application for SSI on October 3, 2001, which was denied initially and was not appealed. Accordingly, the issue before this Court, pursuant to 20 C.F.R. §§ 404.957(c)(1) and 416.1457(c)(1), is whether Plaintiff was disabled from her alleged onset date of March 15, 2003. (Tr. 49-50, 66-68, 333-335).

2

for further consideration of Plaintiff's medically determinable impairments. (Tr. 90-92). A second hearing was held on July 25, 2007; however, no testimony was received. The ALJ adjourned the hearing so that Plaintiff could obtain legal representation. (Tr. 365-368).

On December 13, 2007, a third hearing was held, which was attended by Plaintiff, her representative and a vocational expert. (Tr. 348-363). On December 28, 2007, ALJ Hammond issued an unfavorable decision, again finding that Plaintiff is not disabled. (Tr. 15-24). Plaintiff filed a request for review, and on August 25, 2008, the Appeals Council denied Plaintiff's request. Thus, the ALJ's decision became the final decision of the Commissioner in accordance with 20 C.F.R. § 404.981. (Tr. 7-9). The parties agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

**II. Issue on Appeal**

A.  Whether the ALJ erred in finding that Plaintiff does not meet Listing 12.05( c).

**III. Factual Background**

Plaintiff was born on March 1, 1981, and was 25 years old at the time of the June 2006 administrative hearing. (Tr. 51, 100, 341, 374). Plaintiff finished the 12th grade in the high school

EMR[2] program, and received an occupational diploma.  (Tr. 223-224).  Plaintiff has past work experience as a fast-food cook. She testified that she mostly cooked; however, they would also assign her cashier duties when needed. (Tr. 213, 353, 360, 376). According to Plaintiff, she last worked in March of 2003.  She was terminated by the new owners because she did not have transportation to work.(Tr. 375-376).  Plaintiff testified that she is unable to work because of pain in her back and her inability to read.  (Tr. 376-377). Plaintiff reported that her normal weight is approximately 310 pounds; however, she put on weight with the birth of her first child, and now weights 350 pounds. (Tr.  375)

    Plaintiff also testified that she is married, and has two small children. (Tr. 352, 374)  Plaintiff reported that she can cook and feed herself, bathe and dress herself, and that she can do light housework. (Tr. 357, 380-381)  Plaintiff also indicated that her husband helps with the grocery shopping because she cannot read or write. ( Tr. 352, 357, 381).

    Charles Smith, M.D., a Medical Expert, stated that he had reviewed all the evidence in Plaintiff's file, and opined that Plaintiff's functional limitations are not severe.  (Tr. 385).

---

[2]Educable mentally retarded.   See, www.acronymfinder.com. Last visited August 18, 2009).

**IV. Analysis**

   **A. Standard of Review**

In reviewing claims brought under the Act, this Court's role is a limited one. The Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial evidence and 2) whether the correct legal standards were applied. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).[3] A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986). The Commissioner's findings of fact must be affirmed if they are based upon substantial evidence. Brown v. Sullivan, 921 F.2d 1233, 1235 (11th Cir. 1991); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (holding substantial evidence is defined as "more than a scintilla but less than a preponderance" and consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion[]"). In determining whether substantial evidence exists, a court must view the record as a whole, taking into account evidence favorable, as well as unfavorable, to the Commissioner's decision. Chester v. Bowen, 792 F. 2d 129, 131 (11th Cir. 1986); Short v. Apfel, 1999 U.S. DIST. LEXIS 10163 (S.D. Ala.

---

[3] This Court's review of the Commissioner's application of legal principles is plenary. Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

5

June 14, 1999).

B.  **Discussion**

An individual who applies for Social Security disability benefits must prove his disability.  20 C.F.R. §§ 404.1512, 416.912.  Disability is defined as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 404.1505(a), 416.905(a).  The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven her disability.  20 C.F.R. §§ 404.1520, 416.920.[4]

---

[4]The claimant must first prove that he or she has not engaged in substantial gainful activity.  The second step requires the claimant to prove that he or she has a severe impairment or combination of impairments. If, at the third step, the claimant proves that the impairment or combination of impairments meets or equals a listed impairment, then the claimant is automatically found disabled regardless of age, education, or work experience.  If the claimant cannot prevail at the third step, he or she must proceed to the fourth step where the claimant must prove an inability to perform their past relevant work.  Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; (4) the claimant's age, education and work history.  Id. at 1005.  Once a claimant meets this burden, it becomes the Commissioner's burden to prove at the fifth step that the claimant is capable of engaging in another kind of substantial gainful employment which exists in significant numbers in the national economy, given the claimant's

In the case sub judice, the ALJ determined that while Plaintiff has the severe impairments of obesity and mild mental retardation, they do not meet or medically equal the criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Regulations No. 4. (Tr. 20). According to the ALJ, while Plaintiff has a valid Verbal, Performance or Full Scale I.Q. score, she has not demonstrated any defects in adaptability as required in order to meet any listing in 12.05 under the category for mental retardation. The ALJ concluded that Plaintiff retains the RFC to perform unskilled light work, with occasional bending, stooping or climbing. (Tr. 20). He also found that Plaintiff is unable to perform her past relevant work, and relying on the testimony of the VE, found that Plaintiff can perform other work in the national and regional economy, such as housekeeper, presser, and cafeteria worker. (Tr. 22, 23-24). Accordingly, the ALJ concluded that Plaintiff is not disabled. (Tr. 24).

The relevant evidence of record[5] includes school records from

---

residual functional capacity, age, education, and work history. Sryock v. Heckler, 764 F.2d 834 (11th Cir. 1985). If the Commissioner can demonstrate that there are such jobs the claimant can perform, the claimant must prove inability to perform those jobs in order to be found disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See also Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing Francis v. Heckler, 749 F.2d 1562, 1564 (11th Cir. 1985)).

[5]While the undersigned has examined all of the medical evidence contained in the record, including that which was generated before Plaintiff's alleged onset date, only that evidence which is relevant to the issues before the Court is

7

Mobile County Schools, which reflect that Plaintiff graduated from Vigor High School in June 2000, and received a Certificate of Education. Those records also reflect that Plaintiff repeated the first grade, and that she was in special education classes from first grade through 12th grade. (Tr. 147, 223-224). Initial IQ testing dated March 17, 1989, when Plaintiff was eight years old and was repeating the first grade, reflects a verbal IQ of 65, performance IQ of 69, and full scale IQ of 64, which categorizes her as being in the mild mentally deficient range. (Tr. 147-148).

School records dated March 25, 1992, when Plaintiff was in the 5th grade, reflect that IQ testing yielded a verbal IQ of 66, performance IQ of 73 and a full-scale IQ of 68, which placed her in the mild mentally deficient range. (Tr. 138-140).

School records dated January 6, 1993 reflect that IQ testing yielded a verbal IQ of 64, performance IQ of 73, and full-scale IQ of 66. Other testing reflected that Plaintiff's general adaptive behavior is moderately deficient. (Tr. 141-146). The Eligibility Determination Committee determined on April 29, 1993 that Plaintiff qualified under the state guidelines for special education services, and recommended that she continue to be placed in EMR classes. (Tr. 130).

Plaintiff was again tested on March 19, 1996, when she was 15

---

included in the summary.

years old, and school records reflect that the adaptive behavior test showed that Plaintiff's self-care, social and occupational skills were poor, and that her communication, academic and full scale adaptive behavior were very poor. (Tr. 124-127).

On June 9, 1999, when Plaintiff was in the 11th grade, the Eligibility Determination Committee again determined that Plaintiff continued to be eligible for special services. (Tr. 118-123).

On August 14, 2001, Plaintiff underwent a psychological evaluation by James F. Chudy, Ph.D. Plaintiff reported that her daily activities included getting up between 7:00 and 9:00, eating two or three meals, watching televison, listening to the radio, visiting neighbors, completing domestic chores, taking walks, taking a bath, and going to bed between 9:00 and 10:00. Dr. Chudy reported that IQ testing showed Plaintiff's verbal IQ of 71, performance IQ of 72, and full-scale IQ of 69, indicating mild retardation. He opined that Plaintiff's ability to understand and complete simple verbal instructions seemed adequate. (Tr. 230-232).

Psychologist William A. Lynn, Ph.D., completed a Mental Residual Functional Capacity Assessment on September 26, 2001. He opined that Plaintiff is moderately limited in her ability to understand, remember and carry out detailed instructions, and to maintain attention and concentration for extended periods. In the area of adaptation, Dr. Lynn opined that Plaintiff is moderately limited in her ability to respond appropriately to changes in the

work setting, and to set realistic goals or make plans independently of others. He further opined that Plaintiff is not significantly limited in any area of social interaction, or in any other area of understanding and memory, sustained concentration and persistence, or adaptation. (Tr. 255-257).

Dr. Lynn completed a Psychiatric Review Technique form on the same day, in which he opined that Plaintiff is moderately limited in her ability to maintain concentration, persistence or pace, is mildly to moderately limited in her ability to maintain social functioning, and is mildly limited in her activities of daily living. (Tr. 259-272).

Plaintiff underwent a physical exam on December 7, 2004 by Michael C. Madden, M.D., Ph.D. Her physical exam was normal except for lumbar tenderness. Dr. Madden's impressions were of back pain and left foot and ankle pain, and he opined that Plaintiff's abilities to sit, stand, walk, lift, carry, handle objects, hear, speak, and travel were normal. (Tr. 273-275).

Ellen N. Eno, Ph.D., completed a Mental Residual Functional Capacity Assessment form on December 21, 2004. She opined that Plaintiff is moderately limited in her ability to understand and remember detailed instructions, to carry out detailed instructions and to maintain attention and concentration for extended periods. She further opined that Plaintiff has no other significant limitation in her ability to understand and remember or in

concentration and persistence. Dr. Eno opined that Plaintiff has no significant limitation in social interaction or in adaptation. It is Dr. Eno's opinion that Plaintiff can understand/remember/carry out very short and simple instructions, and can attend for at least two hour periods without special supervision and within a traditional work environment. (Tr. 276-278).

Dr. Eno completed a Psychiatric Review Technique form on December 21, 2004, in which she opines that Plaintiff is mildly limited in her activities of daily living and in maintaining social functioning, and is moderately limited in maintaining concentration, persistence or pace. (Tr 281-294).

Plaintiff was evaluated by orthopedist William A. Crotwell, III, M.D., on April 19, 2007. Plaintiff's physical exam was normal except for difficulty bending, possibly due to severe obesity, forward flexion 70 percent of normal, extension 40 percent of normal, and straight leg raise to 90 with back pain on the right. Dr. Crotwell diagnosed Plaintiff with lumbar strain, opining that she had no neurological or major radicular problem, could perform light and sedentary work, and could work a full eight-hour workday. (Tr. 295-296).

Plaintiff was evaluated on April 23, 2007 by John W. Davis, Ph.D. Dr. Davis administered the WAIS-III test, which indicated a full scale IQ of 63, verbal IQ of 66 and performance IQ of 64, which places Plaintiff in the mild range of mental retardation. Dr. Davis

11

opined that Plaintiff's ability to function in an age-appropriate manner cognitively, communicatively, and socially, and her capacity to show concentration, persistence and pace in an age appropriate manner are mildly to moderately impaired. He further opined that she has the ability to do simple, routine, repetitive type tasks, can get along with others, and can mange any benefits awarded her. (Tr. 298-303).

Dr. Davis completed a Medical Source Opinion Form (Mental) on the same day, in which he opined that Plaintiff is moderately limited in her ability to use judgment in detailed or complex work-related decisions, to understand, remember, and carry out detailed or complex instructions and to maintain attention, concentration or pace for periods of at least two hours. He further opined that Plaintiff is mildly limited in her ability to respond appropriately to supervisors, co-workers, customers or other members of the general public, to use judgment in simple one or two step work-related decisions, to deal with changes in a routine work setting, to understand, remember, and carry out simple, one and two-step instructions, and to maintain social functioning and activities of daily living. (Tr. 304-305).

1. **Whether the ALJ erred in finding that Plaintiff does not meet Listing 12.05C.**

Plaintiff contends that the ALJ erred by failing to find that she meets Listing 12.05C based on a lack of deficits in adaptability

manifested before age 22.  According to Plaintiff, Listing 12.05C requires that Plaintiff have a lifelong history of mental retardation, a valid verbal, performance or full-scale IQ of 60-70, and a physical or other mental impairment imposing additional and significant work-related limitation of function.  Defendant argues that Plaintiff must first show that her impairment satisfies the description in the introductory paragraph of Listing 12.05 – that her "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the development period," onset before age 22 – and then show valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment that imposes an additional and significant work-related limitation.  According to Defendant, Plaintiff has failed to show deficits in her adaptive behavior manifested prior to age 22.

In finding that Plaintiff does not meet Listing 12.05, the ALJ stated as follows:

> While the claimant has valid Verbal, Performance or Full Scale I.Q. score, as discussed in detail below, she has not demonstrated any defects in adaptability as required in order the meet any listing in 12.05 under the category for mental retardation. . . .
>
> As indicated above, the claimant does not possess any deficits in adaptability despite her mild mental retardation at this time or prior to age 22.
>
> In activities of daily living, the claimant has mild restriction.  The claimant related to Dr. Davis that she

13

> lives in an apartment with her husband and child. She reported that she spends her day cooking, cleaning, praying, and carrying for her child, and watching television . . . .

(Tr. 20, 22).

Listing 12.05, the listing category for mental retardation, begins with an introductory paragraph, which states that "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05. The listing further provides that the "required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied." Id. Subsection C requires a claimant to demonstrate "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Id. at § 12.05C.

The Eleventh Circuit has recognized that in order to be considered for disability benefits under Listing 12.05, a claimant must (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive functioning; and (3) have manifested deficits in adaptive behavior before age 22. Pettus v. Astrue, 226 Fed. Appx. 946, 2007 U.S. App. LEXIS 8136 (11th Cir. April 5, 2007)(citing Crayton v. Callahan, 120 F.3d 1217, 1219 (11th

Cir. 1997)). In addition, for presumptive disability under 12.05C, the claimant must have (1) a valid IQ score of 60 through 70 inclusive, and (2) an additional mental or physical impairment significantly affecting the claimant's ability to work. Id. at 1219-1220.

In Hodges v. Barnhart, 276 F. 3d 1265(11th Cir. 2001), the Eleventh Circuit held that "there is a rebuttable presumption that a claimant manifested deficits in adaptive functioning before the age of 22 if the claimant established a valid IQ score between 60-70." Hodges, 276 F. 3d at 1266, 1268-69. According to the court, absent evidence of a sudden trauma causing mental retardation, it was error for the ALJ not to recognize the presumption that the claimant manifested a mental impairment before the age of 22. Id. Later, in Grant v. Astrue, 255 Fed. Appx. 374, 2007 U. S. App. LEXIS 26540 (11th Cir. 2007), the plaintiff argued that the ALJ applied an improper legal standard where he held that she did not demonstrate deficits in more than one area of adaptive functioning before the age of 22; thus, did not meet Listing 12.05C after first determining that her IQ scores were valid, and that she possessed a physical or mental impairment that imposed an additional and significant work-related limitation. Id. at 375. Upon review, the Eleventh Circuit held that the ALJ erred because he did not give the plaintiff the benefit of the presumption recognized in Hodges, but instead required her to demonstrate deficits in more than one

15

area of adaptive functioning before the age of 22. According to the Court, the plaintiff was entitled to the benefit of the presumption, and upon remand, the ALJ was to determine whether there was sufficient evidence to rebut the presumption that the plaintiff manifested deficits in adaptive functioning before the age of 22. Id.

Upon a careful review of the ALJ's decision in this case, it is clear that he employed an improper legal standard because he did not give Plaintiff the benefit of the presumption to which she was entitled. The ALJ specifically found that Plaintiff's IQ scores were valid, and that she possessed the severe impairments of mild mental retardation and obesity (Tr. 20); however, he then held that she had failed to demonstrate any defects in adaptability which was required in order to meet any listing in 12.05. This was error because once Plaintiff presented valid IQ scores and an additional significant impairment, she was entitled to the presumption that she manifested deficits in adaptive functioning before the age of 22, and the burden then rested with the ALJ to determine whether there was sufficient evidence to rebut the presumption. In this case, the ALJ held that the claimant does not possess any deficits in adaptability at this time or prior to age 22, and noted as follows:

> In activities of daily living, the claimant
> has mild restriction. The claimant related to

> Dr. Davis that she lives in an apartment with her
> husband and child. She reported that she spends
> her day cooking, cleaning, Praying, anc carrying [sic]
> for her child, and watching television.

(Tr. 22).

However, the record reflects that Plaintiff is unable to read and write; that she cannot shop by herself; that she watches television, but cannot report what she watched; that she cannot count money; that she failed the oral driver's license test four times; that she cooks the same meals over again and cannot pay bills. (Tr.169-173). Additionally, Plaintiff's school records reflect that she repeated the first grade, that she was in special education classes throughout school and that she received an occupational diploma. Moreover, Plaintiff's work history reports reflect that the majority of her jobs were held for three months or less. (Tr. 213). Because a careful review of the record demonstrates that the ALJ failed to afford Plaintiff the presumption to which she was entitled, and that his determination that Plaintiff did not have deficits in her adaptive functioning prior to age 22 is not supported by substantial evidence, this case must be reversed and remanded.

## V. Conclusion

For the reasons set forth, and upon careful consideration of the administrative record, oral arguments and memoranda of the

parties, it is **ORDERED** that the decision of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits and supplemental security income be **REVERSED and REMANDED.**

**DONE** this **the 24th day of March, 2010.**

               **/s/  SONJA  F.  BIVINS**
**UNITED STATES MAGISTRATE JUDGE**